# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Richard Scott Beeler, )
    Petitioner, ) CV-08-016-TUC-FRZ-DTF
)
vs. ) **REPORT & RECOMMENDATION**
)
Louis Winn, Warden, )
    Respondent. )
)

    Petitioner Richard Scott Beeler, presently incarcerated at the Federal Correctional Institution Tucson (FCI, Tucson), Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Pursuant to the Rules of Practice of the Court, this matter was referred to Magistrate Judge Ferraro for Report and Recommendation. Before the Court are the Petition (Dkt. 1), and Respondent's Motion to Dismiss (Dkt. 4) and Supplement to Motion to Dismiss (Dkt. 6). The Court has construed the motion to dismiss as Respondent's Answer. (Dkt. 7.) Petitioner did not file a reply. The Magistrate Judge recommends the District Court, after its independent review of the record, dismiss the petition on the ground that Petitioner lacks standing and his claim is moot.

## **FACTUAL AND PROCEDURAL BACKGROUND**

    Petitioner was convicted in the District of Oregon of conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g), 924(a)(2). (Dkt. 4-2 at 4-5.) On March 16, 1999, the Honorable Garr M. King sentenced petitioner to 151 months imprisonment for the conspiracy to manufacture methamphetamine and a concurrent 120 months imprisonment for

being a felon in possession of a firearm. (*Id.*) Petitioner has a projected Good Conduct Time release date of September 24, 2009, and a Full Term Expiration Date of February 4, 2011. (*Id.* at 6.)

In September 2006, the Bureau of Prisons (BOP) found Petitioner eligible to participate in its Non-Residential Drug Treatment Program (RDAP). (Dkt. 4-2 at 4, 14, 16.) Successful completion of the program may result in up to a one year sentence reduction for the prisoner. 18 U.S.C. § 3621(e)(2)(B).[1] The accompanying regulations provided that, due to his conviction for felon in possession of a firearm, Petitioner was ineligible for a sentence reduction based on completion of the RDAP. 28 C.F.R. § 550.58(a).[2] Therefore, Petitioner

---

[1]  18 U.S.C. § 3621(e)(2)(B) provides:

(e) Substance abuse treatment. –

. . . .

    (2) Incentive for prisoners' successful completion of treatment program. –

. . . .

        (B) Period of custody.– The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

[2]  28 C.F.R. § 550.58(a)(1)(vi)(B), in effect in 2006, provided:

An inmate who was sentenced to a term of imprisonment pursuant to the provisions of 18 U.S.C. Chapter 227, Subchapter D for a nonviolent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.

(a) Additional early release criteria.

    (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:

. . . .

        (vi) Inmates whose current offense is a felony:

elected not to participate in the RDAP. (Dkt. 4-2 at 16.)

## DISCUSSION

On January 7, 2008, Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the BOP's decision that he was ineligible for a sentence reduction if he successfully completed the RDAP. (Dkt. 1 at 4.) Petitioner requests the Court to deem him eligible for early release under 18 U.S.C. § 3621(e). (*Id.* at 16.)

Because Petitioner did not successfully complete the RDAP, he lacks standing to challenge his eligibility for a sentence reduction under that program. Article III of the Constitution limits the judicial power of the United States to the resolution of "cases" and "controversies." "'No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.'" *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341-342 (2006) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). "'[O]ne of the controlling elements in the definition of a case or controversy under Article III' is standing." *Hein v. Freedom From Religion Foundation, Inc.*, 551 U.S. 587, 598 (2007) (quoting *ASARCO Inc. v. Kadish*, 490 U.S. 605, 613 (1989) (opinion of Kennedy, J.)).

Standing requires, at a minimum, three elements:

> First, the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992) (citations omitted).

An eligibility prerequisite for the early release sought by Petitioner is successful completion of the RADP program. Because Plaintiff has not completed the program and is not eligible for early release, he has no legally protected interest in early release. Petitioner's

---

. . . .

        (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device)

claim is "conjectural" or "hypothetical," based on a speculative assertion of successful completion some time in the future. For the same reason, there is no causal connection between Petitioner's ineligibility for early release, which is currently premised on his failure to successfully complete the RADP not the regulations limiting his eligibility based on his conviction for possession of a firearm. His failure to avail himself of the program breaks even a hypothetical connection between the injury and the complained conduct.[3]

Finally, in *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir 2008), the court invalidated 28 C.F.R. § 550.58(a)(1)(vi)(B) because it violated the Administrative Procedure Act. Hence, since February 20, 2008, the regulations have not barred Petitioner from a sentence reduction upon successful completion of the RDAP. Therefore, Petitioner's claim is moot. Additionally, Petitioner fails to satisfy the third element of standing because *Arrington* has remedied his speculative injury.

## **RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DISMISSING the Petition for Writ of Habeas Corpus.

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CV-08-016-TUC-FRZ**.

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner.

DATED this 14th day of August, 2009.

D. Thomas Ferraro
United States Magistrate Judge

---

[3] The ability to participate in a drug treatment program is a benefit in itself, not an injury, regardless of the availability of early release. *See Murphy v. Hood*, 276 F.3d 475, 478 (9th Cir. 2001).